The Law Offices of John S. Unpingco
& Associates LLC
777 Route 4
Suite 12B
Sinajana, Guam  96910
Telephone:  671-475-8545
Facsimile:  671-475-8550

*Attorneys for Plaintiff*

**FILED**
DISTRICT COURT OF GUAM

JUL 1 9 2007

MARY L.M. MORAN
CLERK OF COURT

UNITED STATES DISTRICT COURT

DISTRICT OF GUAM

| | |
|---|---|
| MARESA L. ANDERSON, | Civil Case No. 07-00003 |
| Plaintiff, | |
| vs. | **FIRST AMENDED COMPLAINT** |
| THE UNITED STATES OF AMERICA, | |
| Defendant. | |

COMES NOW, Plaintiff, Maresa L. Anderson (hereinafter "Plaintiff"), through her attorneys of record, The Law Offices of John S. Unpingco & Associates, LLC, and avers the following allegations:

**I.**

This is an action arising under the Federal Tort Claims Act, 28 U.S.C. §§ 2671 *et seq.* This Court is vested with jurisdiction pursuant to 28 U.S.C. § 1346(b).

ORIGINAL

## II.

At the time of the incident complained of herein, Plaintiff was the spouse of an active duty member of the United States Air Force and resided at Andersen Air Force Base, Guam which is within the District of Guam. The acts and omissions giving rise to this Complaint occurred within the District of Guam.

## III.

Defendant, United States of America, operated at the time of the incident and continues to operate, a health care facility known as the Andersen Family Care Clinic, 36th Medical Group Unit 14010, Andersen Air Force Base, Guam (hereinafter "Clinic"). Defendant, in operating the Clinic, holds itself out to military personnel and their dependents to use that degree of care, skill, diligence and attention used by hospitals generally in the community in the care and treatment of patients. The Clinic operated by Defendant has in its employ, among others, physicians over which it exercises exclusive control and supervision, with the right to employ and discharge such employees.

## IV.

Kirin L. Madden ("Madden") is and was a Captain with the United States Air Force (hereinafter "USAF") and is and was a physician, practicing medicine at the Clinic and is and was a military member/employee of the USAF and acting within the scope of her office and employment.

## V.

At all times referred to herein, there existed between Madden and Plaintiff the relationship of physician-patient.

## VI.

On or about October 25, 2004, Plaintiff presented herself to the Clinic seeking medical treatment for neck and thoracic pain. Plaintiff's treating physician, Dr. Palmer, was away at flight surgeon training so Plaintiff came under the care and treatment of Madden. While under such care, Madden caused Plaintiff to suffer from pneumothorax, more commonly known as a

collapsed lung, by repeatedly and negligently administering trigger point injections in Plaintiff's back. Madden negligently inserted each of the needles by using unnecessary force, i.e., unnecessarily forcefully jabbing the injections into Plaintiff's back.

The day after the trigger point injections, Plaintiff returned to the Clinic as she was experiencing shortness of breath and tremendous pain. Again Plaintiff was seen by Madden and Plaintiff was sent home without having any x-rays taken of her chest and was prescribed Percocet.

## VIII.

Madden, as a physician, had a duty and breached that duty by failing to carry out the trigger point injections in a manner that did not place Plaintiff in an unreasonable risk of harm. Madden further breached her duty as a physician when she failed to properly diagnose Plaintiff's condition the day after the trigger point injections when Plaintiff returned to the Clinic and again was seen by Madden.

## VIII.

As a result of Madden's negligence and breach of her duty as a physician, Plaintiff sustained a collapsed lung which had to be re-inflated by means of a tube inserted through a puncture wound made by a physician in the side of her chest to enable the tube to get to her lung. Plaintiff has suffered tremendous pain, mental anguish, bodily injury, permanent disability, medical and hospital expenses and will continue in the future to suffer pain, mental anguish, bodily injuries, and medical and hospital expenses.

//

//

On August 8, 2006, Plaintiff submitted her claim in the amount of $300,000.00 to the Department of the Air Force, in accordance with 28 U.S.C. § 2675(a) and the Federal Tort Claims Act, and as of February 8, 2007 the USAF failed to make a final disposition of Plaintiff's claim within six months of when Plaintiff first presented her claim to the USAF. Pursuant to 28 U.S.C. § 2675(a) such failure to act by the USAF is deemed as a final denial of the claim.

Wherefore, Plaintiff demands judgment against Defendant in the sum of $300,000.00 and such other and further relief the Court may deem proper.

Dated this 3rd day of July 2007.

**The Law Offices of John S. Unpingco & Associates, LLC**

By: John S. Unpingco
Attorneys for Plaintiff

## VERIFICATION

The undersigned, being first duly sworn, states as follows: That the foregoing allegations are true of her own knowledge, except as such matters as are stated to be upon information and belief, and as those matters she believes them to be true.

Dated this 5 day of July, 2007.

Maresa L. Anderson

First Amended Complaint                    Page 4 of 4