```
 1  LEONARDO M. RAPADAS
    United States Attorney
 2  MIKEL SCHWAB
    Assistant U.S. Attorney
 3  JESSICA F. CRUZ
    Assistant U.S. Attorney
 4  Sirena Plaza, Suite 500
    108 Hernan Cortez Avenue
    Hagåtña, Guam 96910
 5  PHONE: (671) 472-7332
    FAX: (671) 472-7334
```

FILED
DISTRICT COURT OF GUAM
JUN 23 2008
JEANNE G. QUINATA
Clerk of Court

6  Attorneys for the United States of America

DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| MARESA L. ANDERSON, | CIVIL CASE NO. 07-00003 |
|---|---|
| Plaintiff, | |
| vs. | **DEFENDANT'S MOTION TO DEEM ADMITTED DEFENDANT'S REQUEST FOR ADMISSIONS** |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

The Defendant, UNITED STATES OF AMERICA, moves, pursuant to Rule 36 of the Federal Rules of Civil Procedure, for an Order deeming admitted the United States' Request for Admissions, and as grounds states as follows:

1. That a discovery request in the form of Request for Admissions was served in this case on Plaintiff on April 10, 2008.

2. Plaintiff's counsel acknowledged by time-stamp that he was in receipt of the United States' Request for Admissions. United States' time-stamped Request for Admissions attached hereto as Government Exhibit "A."

3. That Plaintiff's response to the United States' Request for Admissions was due on May 11,

0

ORIGINAL

2008.

3. On May 23, 2008, the United States sent a courtesy reminder to Plaintiff to elicit a response to its Request for Admissions. United States' letter dated May 23, 2008 attached hereto as Government Exhibit "B."

4. To date, the Plaintiff has failed to respond to the United States' Request for Admissions.

5. The pertinent procedural rule concerning admissions expressly provides that "a party may serve upon any other party a written request for the admission, for purpose of the pending action only, of the truth of any matters within the scope of Rule 26(b)(1) set forth in the request that relate to the statements or opinions of fact or the application of law to fact, including the genuineness of any documents described in the request." Fed. R. Civ. P. Rule 36(a).

6. Further, Rule 36(a) unambiguously states that, absent an allowance by the Court or the parties' written agreement, "a matter [of which an admission is requested] is admitted. . ." unless a response or objection is given in the time prescribed, in this case thirty (30) days.

7. Assuming Plaintiff seeks relief in response to this motion, this Court should deny Plaintiff's request because Plaintiff is not deserving of dispensation. The United States has given the Plaintiff a courtesy reminder to provide her response and yet Plaintiff has not provided her response or asked for an extension to do so. To date, Plaintiff's response is forty-one (41) days overdue. Plaintiff has willfully ignored Rule 36, Federal Rules of Civil Procedure, by failing to respond to the United States' discovery request.

WHEREFORE, the United States moves for an Order Deeming Admitted Defendant United States' Request for Admissions propounded to Plaintiff.

//

//

RESPECTFULLY SUBMITTED: this 20th day of June, 2008.

                LEONARDO M. RAPADAS
                United States Attorney
                Districts of Guam and NMI

By _____
    MIKEL W. SCHWAB
    Assistant U.S. Attorney
    JESSICA F. CRUZ
    Assistant U. S. Attorney

2

LEONARDO M. RAPADAS
United States Attorney
MIKEL SCHWAB
Assistant U.S. Attorney
JESSICA F. CRUZ
Assistant U.S. Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagåtña, Guam 96910
PHONE: (671) 472-7332
FAX: (671) 472-7334

Attorneys for the United States of America

DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| MARESA L. ANDERSON,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendants. | CIVIL CASE NO. 07-00003<br><br>**DEFENDANT UNITED STATES OF AMERICA'S REQUEST FOR ADMISSIONS PROPOUNDED TO PLAINTIFF** |

To: Maresa L. Anderson
c/o John S. Unpingco
Law Offices of John S. Unpingco & Associates, LLC
777 Route 4, Suite 12B
Sinajana, Guam 96910

RECEIVED APR 10 2008 UNPINGCO & ASSOCIATES, LLC

This Request for Admission is made under Rule 36, *Federal Rules of Civil Procedure*, and each of the matters of which an admission is requested shall be deemed admitted unless the party to whom the request is directed delivers or causes to be delivered to the party requesting the admissions, or its attorney of record, a statement within a period of thirty (30) days after the delivery of this request, or within such further time as the Court may allow on motion and notice, either denying specifically the matters of which an admission is requested or setting forth in detail the reasons why you cannot truthfully either admit or deny those matters. Any admissions made pursuant to this request is for the purpose of this pending action only and does not constitute an admission by it for any

GOVERNMENT EXHIBIT A

other purpose and may not be used against you in any other proceeding. You are further advised that if these matters are not admitted but the same are proved during the trial, defendant will apply the Court for reimbursement by the Plaintiff of any expenses.

Respond to each request for admission in writing, and serve responses to the United States to: Mikel Schwab or Jessica Cruz, Assistant United States Attorney, United States Attorney's Office, Sirena Plaza Suite 500, 108 Hernan Cortez Avenue, Hagatna, Guam 96910.

### DEFINITIONS AND INSTRUCTIONS

A. In responding to the Request for Admissions, you are to divulge all information that is in your possession or control or available to you, including information in the possession or control of your attorneys, officers, employees, agents, assigns or other representatives, or any other person or persons acting on your behalf.

B. When the Request for Admissions calls for information or a document which, while known to you, is not in your custody, possession or control, you should identify its present location and custodian, if known, or otherwise its last known location and custodian. If a document does not exist, the response should so indicate.

C. If your answer to any Request for Admissions is in any way qualified, please set forth the exact nature and extent of your qualification.

D. If you claim any form of privilege, whether based on a statute or otherwise, as a ground for not answering any Request for Admission, please set forth in complete detail each and every fact upon which the claim of privilege is based, including sufficient facts for a court to make a full determination as to whether the claim of privilege is valid.

E. The Request for Admissions is continuing, requiring supplementation as required by Rule 26(e), *Federal Rules of Civil Procedure*, and any additional information relating in any way to the

1

Request for Admissions acquired subsequent to the date of responding to the Request for Admissions up to and including the time of trial shall be furnished to the United States promptly after such information is acquired.

F. For the purpose of the Request for Admissions, the following terms shall have the meaning set forth below:

(1) The term "you," "yourself" and "your" refers to Maresa L. Anderson (n/k/a Maresa Blanc) and any attorneys, agents or persons who act on her behalf.

(2) The term "person" includes without limitation individuals, corporations, partnerships, limited partnerships, unincorporated associations, and all other business, governmental, and non-governmental agencies.

(3) The term "lawsuit" means Civil Case No. 07-00003 in the District Court of Guam filed by you.

(4) The term "Complaint" means the Complaint filed in the District Court of Guam, Civil Case No. 07-00003.

(5) The term "administrative claim" means Standard Form 95, Claim for Damage, Injury, or Death.

(6) The term "document" means any "writing" as the term is defined in the Federal Rules of Evidence 1001, and includes the original and any copy, regardless of the origin or location, of any book, pamphlet, periodical, letter, memorandum, telegram, report, record, study, handwritten note, work paper, chart, graph, index, tape, data sheet, or data processing card, or any other written record, recorded, transcribed, punched, taped, filmed or graphic matter, however produced or reproduced in the possession and/or control of Plaintiff, its officers, employees, or agents, or known by Plaintiff to exist.

2

Case 1:07-cv-00003    Document 25    Filed 06/23/2008    Page 6 of 11

## REQUEST FOR ADMISSIONS

1. Admit that on October 25, 2004, you were seen by Dr. Kirin Madden for neck/thoracic muscle spasms and a refill of your prescriptions of birth control pills and Diazepam.

2. Admit that during your October 25, 2004 visit with Dr. Madden, Dr. Madden discussed with you the option of trigger point injections as a treatment for fibromyalgia.

3. Admit that after discussing with Dr. Madden the option of trigger point injections, you agreed to have the trigger point injections done.

4. Admit that on October 25, 2004, you did not go to any emergency facility, including the emergency rooms at Naval Hospital Guam or Guam Memorial Hospital.

5. Admit that subsequent to the trigger point injections, you felt immediate relief from your other flu-like symptoms, including ear pain, sore throat, shortness of breath, fever and cough.

6. Admit that you are no longer experiencing pneumothorax and her left lung is inflated.

7. Admit that prior to the trigger point injections on October 25, 2004, you had been diagnosed with the following:

    a. fibromyalgia,

    b. endometriosis,

    c. depression,

    d. generalized anxiety disorder,

    e. infertility,

    f. DES exposure in utero,

    g. insomnia, and

    h. panic disorder.

8. Admit that before filing this lawsuit against the United States, the only administrative claim

1  presented by you concerning the incident on October 25, 2004, was one administrative claim submitted
2  to the United States Department of the Air Force on July 31, 2006.

3  9. Admit that, except for you, no other plaintiff submitted an administrative claim before
4  filing suit against the United States.

5  10. Admit that the medical records bate stamped AND 001 – AND 348, attached hereto in
6  compact disc format as Exhibit "A," are a true and correct copy of your medical records.

7  11. Admit that "Exhibit A" is an "authentic" copy your medical records.

8  12. Admit that "Exhibit A" is a true and correct duplicate of a record of acts, events,
9  conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a
10 person with knowledge, kept in the course of a regularly conducted business activity, and that it was
11 the regular practice of that business activity to make the record.

12 13. Admit that neither the source of information nor the method or circumstances of
13 preparation of "Exhibit A" indicate a lack of trustworthiness.

14 14. Admit that "Exhibit A" is admissible into evidence at the trial of this case as a "business
15 record" under Rule 803(6) of the Federal Rules of Evidence.

16 Respectfully submitted this 10th day of April, 2008.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

By *(signature)*
MIKEL W. SCHWAB
Assistant U.S. Attorney
JESSICA F. CRUZ
Assistant U. S. Attorney

4




Anderson v. USA
District Court of Guam
Civil Case No. 07-00003
**Defendant's Production**
AND001 – AND167




Anderson v. USA
District Court of Guam
Civil Case No. 07-00003
**Defendant's Production**
AND168 – AND348



**U.S. Department of Justice**

*United States Attorney – Civil Division*
*Districts of Guam & NMI*

*Sirena Plaza, Suite 500*
*108 Hernan Cortez Avenue*   *(671) 472-7332*
*Hagåtña, Guam 96910*   *FAX (671) 472-7215*

May 23, 2008

VIA FACSIMILE (671) 475-8550

John S. Unpingco
The Law Offices of John S. Unpingco & Associates, LLC
777 Route 4, Suite 12B
Sinajana, Guam 96910

    RE: *Anderson v. USA*, District Court of Guam, Civil Case No. 07-00007

Dear Judge Unpingco:

    We are in receipt of your letter dated May 9, 2008 regarding an opinion letter from Dr. Daniel Trejo, a facsimile sent on May 16, 2008 regarding Clinical Notes Report from Dr. Krotzer with the Mayo Clinic and Office Progress Notes from Dr. Maran, and your follow-up letter dated May 16, 2008.

    When Mikel and I met with you last month, we discussed the possibility of a settlement. Mikel requested documentation from you justifying your client's past and current damages as a result of the trigger point injections. We also requested a copy of the records from the Mayo Clinic. As Mikel explained, our client will undoubtedly ask for justification for any suggested settlement amount.

    We have received the opinion letter from Dr. Trejo and reports from Drs. Krotzer and Maran. As an initial matter, we would appreciate a copy of Dr. Trejo's curriculum vitae. Our expert, Dr. Berg, has noted inconsistencies between Dr. Trejo's opinion letter and the reports by Drs. Krotzer and Maran. Further, Dr. Trejo does not state in his letter the basis of his opinions. Attached for your review is Dr. Berg's opinion letter based upon the documentation your client has provided thus far.

    During our meeting, we discussed certain injuries that your client may have experienced during and immediately after the trigger point injections. However, we still do not have documentation supporting any long-term damages beyond any injuries your client may have experienced during the initial recovery period (during and post lung re-inflation). We would appreciate an opinion letter explaining Ms. Blanc's current damages, preferably from a pulmonologist.

**GOVERNMENT EXHIBIT B**

In an abundance of caution, I sent the May 12th e-mail requesting dates for the IME in the event that this matter does not settle. Of course, we prefer to settle this case but we would like to proceed with scheduling the IME appointment as a precautionary measure. I believe we had sent our expert's dates of availability to you in April but if we overlooked this, I apologize. I believe we need to obtain more dates of availability from Dr. Berg, in addition to the ones he provided earlier, to allow enough time for Ms. Blanc to complete the pre-IME tests. Should your client have optional dates in mind, please provide them to me and I will coordinate the IME with Dr. Berg. If this case continues and pre-IME and IME tests are needed, we will pay for these tests as offered.

We will provide you with a copy of any additional expert's reports and opinions. Thus far, the attached opinion letter is all that we have received. Dr. Berg is unable to provide a more thorough analysis without a copy of Ms. Blanc's current medical records and the medical records produced immediately after the trigger point injections. Will Ms. Blanc be able to provide these records in the near future? What is the status of her response to our Request for Admissions?

Although we have discussed an ▇▇▇▇▇▇▇ via e-mail and in person, our last ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Given our expert's opinion on your client's current health status based upon Dr. Trejo's opinion letter, the reports from Drs. Krotzer and Maran, and the medical records we have received thus far, we would like to make a ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. If Ms. Blanc can provide medical records or an expert's opinion letter supporting any damages beyond the initial recovery period, such as existing long-term damages, we would be open to reassessing our offer.

Thanks in advance for your attention to this matter. Should you have any questions, please do not hesitate to contact our office.

Sincerely,

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

BY: _____
JESSICA F. CRUZ
Assistant U. S. Attorney

Enclosure(s): ▇▇▇▇▇▇▇; Dr. Berg's Opinion Letter dated May 16, 2008